UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN PLUMBING, LLC
a Michigan limited liability Company,

    Plaintiff,                                      Case No. 2:19-cv-10083-LJM-AP
                                                   Hon. Laurie J. Michelson

v.

MICHAEL TYMZCAK, an Individual
BARBARA ASMAR, an individual, and
MT DRAINS PLUMBING, INC., a
Michigan corporation,

    Defendants.

---

## **STIPULATED PROTECTIVE ORDER**

    Pursuant to stipulation of the parties,

    **IT IS HEREBY ORDERED** that any party or non-party (the "producing party") may designate information, documents, or things as "Confidential" under the following terms and conditions:

    **1.**    Any document, information, or thing may be designated "Confidential" if the producing party determines in good faith that it contains confidential or proprietary information.

    **2.**    A producing party may designate any document or other tangible information or thing as "Confidential" by conspicuously stamping or appending the appropriate designation. In the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page. In the case of an electronic document, a producing party may append to that document the appropriate designation that does not alter the metadata associated

with the document, or may place the appropriate designation mark "CONFIDENTIAL" on the outside of the medium (whether disc, hard drive, etc.) containing the document.

    **3.**    A non-producing party may also designate any document, information, or things produced during the course of this proceeding not already designated "Confidential" as "Confidential" as if it were a producing party. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

    **4.**    A producing party may designate documents, information, or things disclosed at a deposition as "Confidential" on the record during the deposition or, within 30 days of receiving the deposition transcript, by notifying all parties in writing of the specific item so designated or the lines and pages of the transcript that are "Confidential." All deposition transcripts and exhibits will be deemed Confidential for a period of 30 days after the receipt of the deposition transcript.

    **a.**    If a producing party designated such materials as "Confidential" on the record, the court reporter shall indicate that fact on the cover page of the transcript that the transcript includes "Confidential" information, and shall list the pages and line number and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing "Confidential" and non-Confidential material. Further, during the period in which such "Confidential" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 10 below shall be excluded from that portion of the deposition.

    **b.**    A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" in the same manner as a producing party.

    **5.**    If a party producing documents inadvertently fails to mark a document as "Confidential" for which it desires such treatment, it shall so inform the party receiving the

documents forthwith, but in no event later than thirty (30) days following discovery of the inadvertent disclosure. The receiving party thereupon shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents.

6. The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential," shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material has been disclosed and is subsequently designated as "Confidential," the disclosing party shall make good faith efforts to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

7. If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the producing party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

8. Should any party object to a designation of any information, documents, or things as "Confidential," the parties or the producing party shall, on an expedited basis, meet and confer in a good-faith attempt to reach an agreement regarding the status of the information, documents, or things. The parties are strongly encouraged to resolve all such objections and, if appropriate,

utilize the services of a neutral to assist the parties in the resolution of the dispute. If an objection is not hereby resolved, a party may bring the dispute before the Court on an expedited basis for a determination. The party claiming the "Confidential" designation shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order. Until the Court makes such determination, all material designated as "Confidential" shall be treated as such.

**9.** All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding or any other proceeding including substantially similar parties or substantially similar issues.

**10.** All documents, information, or things designated as "Confidential" shall be made available only to the Court's staff and to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel in connection with this case) and the following persons:

    **a.** The parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

    **b.** experts or consultant (together with their clerical staff) retained by the respective parties to assist in this case;

    **c.** any court reporter employed in this case;

    **d.** a witness at any deposition or other proceeding in this case;

    **e.** a potential witness; and

    **f.** any other person with the writing consent of the parties (and any affected non-party producing party) or upon order of the Court.

**11.** Materials designated as "Confidential" shall not be made available to persons other than those authorized in paragraphs 9 and 10 above – even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or affidavits. The "Confidential" information must be removed before the remaining materials may be made available to those other persons.

**12.** Materials designated as "Confidential" shall not be disclosed by opposing counsel to a former employee of Plaintiff or Defendant, respectively, or to a testifying or non-testifying expert or consultant under paragraphs 9 or 10 unless and until such representative, expert, or consultant has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as <u>Exhibit A</u>. Current employees of Plaintiff and Defendant are not required to execute a copy of the Confidentiality Agreement, but must be advised regarding the provisions of this Protective Order.

**13.** Counsel shall maintain files containing materials designated as "Confidential" in a secure location. This provision shall not prevent use of an ESI vendor or host who restricts access to those persons permitted to review Confidential materials as set forth in this Order.

**14.** Except in conformance with EDMI LR 5.3, no documents, information, or things designated as "Confidential," including that contained in pleadings, motions, briefs, declarations, or exhibits shall be filed with the Court. To the extent practical, only those portions of a filing with the Court that contain material designated as "Confidential" shall be filed under seal or provided to the Court for *in camera* inspection. The Court and its staff shall maintain all filing so designated pending further order or direction from the Court. Provided that no "Confidential" information is disclosed, the parties may generally refer to documents designated as "Confidential"

in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without filing such pleadings, motions, briefs, affidavits, or exhibits under seal.

15. Nothing in this Order shall preclude any party of their attorneys from:

   a. Showing materials designated as "Confidential" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

   b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential."

   c. Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. But if any party intend to use or offer into evidence at such trial any materials designated as "Confidential," that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

   d. Redacting information from documents produced in accordance with the discovery process, including information is irrelevant to this action and would provide the opposing party with a business advantage over the producing party if it is produced. Nothing in this sub-section limits the opposing party from challenging such redactions before this Court.

16. If either party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" by another party, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

17. Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" shall be destroyed at the request of the opposing party; provided however, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to materials designated as "Confidential" in a secure location – subject to any applicable Statute of Limitations. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this paragraph. Materials designated as "Confidential" that are in the custody of the Court are excepted from the terms of this paragraph.

18. If information or materials are inadvertently produced that are subject to claim of attorney-client privilege, attorney work product or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered, in accordance with ABA Rules of Professional Conduct Formal Opinion 92-368 (1992). Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

19. The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

SO ORDERED.

Date: September 5, 2019                                             s/Laurie J. Michelson
                                                                    United States District Judge


Approved as to form & content:

/s/ Mark S. Demorest (w. consent)        /s/Johnny A. Hamood
Mark S. Demorest                         Johnny A. Hamood
*Attorney for Plaintiff*                 *Attorney for Defendant Michael Tymzcak
                                         and MT Drains Plumbing*


                                         /s/ Christopher Stirtmatter (w. consent)
                                         Christopher Stritmatter
                                         *Attorney for Defendant Asmar*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN PLUMBING, LLC
a Michigan limited liability Company,

    Plaintiff,

v.

MICHAEL TYMZCAK, an Individual
BARBARA ASMAR, an individual, and
MT DRAINS PLUMBING, INC., a
Michigan corporation,

    Defendants.

Case No. 2:19-cv-10083-LJM-AP
Hon. Laurie J. Michelson

---

## AFFIDAVIT OF _____

State of _____ )
                      ) ss.
County of _____ )

    I, _____, being first duly sworn, depose and state:

    1.    I have read the STIPULATED ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL ("Order") entered in this matter on _____, 20\_\_\_, a copy of which is attached to this Affidavit and incorporated herein by reference. I understand the terms of the attached Order, and agree to be bound thereby. I understand that no Confidential Information may be disclosed to any other person except as permitted by the attached Order.

2. I consent to the personal and subject matter jurisdiction of the United States Federal District Court – Eastern District of Michigan, as identified in the caption of this Affidavit with regard to any matter relating to or arising out of the attached Order. I understand that if I disclose Confidential Information in violation of the attached Order the Court may take appropriate action against me.

_____

Subscribed and sworn to before me this \_\_\_\_\_ day of \_\_\_\_, 20\_\_\_.

_____
Notary Public
My commission expires: _____

Dearborn Plumbing/Tymzcak (934)/1 DRAFT Pleadings/2019 08 29 MT Drains Proposed Protective Order.docx